<u>**NOT FOR PUBLICATION**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| Steven G. Bolling, | : |
| | :   Civil Action No. 15-8090 (RMB) |
| Petitioner, | : |
| | : |
| v. | :   **OPINION** |
| | : |
| The Attorney General of | : |
| the State of New Jersey,[1] | : |
| | : |
| Respondent. | : |
| | : |

**BUMB, U.S. District Judge**

Petitioner filed this Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 on November 10, 2015, seeking to challenge his April 1987 judgment of conviction in the Burlington County Superior Court of New Jersey. (Pet., ECF No. 1 at 1.) For the reasons discussed below, Petitioner's application to proceed <u>in forma pauperis</u> will be granted; and his habeas petition will be dismissed for lack of jurisdiction.

I.   BACKGROUND

---

[1] The proper Respondent in a habeas proceeding under 28 U.S.C. § 2254 is the Warden of the prison where the petitioner is in custody. <u>See</u> Rule 2(a) and Advisory Committee Notes, Rules Governing Section 2254 Cases in the United States District Courts. Therefore, the proper respondent in this matter is the Warden of South Woods State Prison.

Petitioner filed a direct appeal of his conviction and sentence with the Superior Court, Appellate Division. (ECF No. 1 at 3.) When his appeal was denied, he filed a petition for certification in the New Jersey Supreme Court, which was denied on October 31, 1989. State v. Jones, 118 N.J. 215 (N.J. 1989). Petitioner then sought post-conviction relief. (ECF No. 1 at 3.) When relief was denied, he appealed, and then sought review in the New Jersey Supreme Court. Bolling v. Morton, 153 F. App'x 874, 875 (3d Cir. 2005).

After the New Jersey Supreme Court denied certification, Petitioner filed a habeas petition under 28 U.S.C. § 2254 in the District Court on March 7, 1994, raising a claim of faulty jury instruction. Id.; see Bolling v. Morton, 94cv1168 (AET) (ECF No. 1) (D.N.J. March 7, 1994). Petitioner's habeas petition was denied on June 20, 1994, and the Third Circuit Court of Appeals denied Petitioner a certificate of probable cause, a requisite for appeal. Bolling, 153 F. App'x at 875. In the present petition, Petitioner challenges his conviction based on prosecutorial misconduct, and trial court error "by permitting the unlawful taking of an automobile to be tried as burglary so as to get a felony to inappropriately attach the felony murder doctrine thereto." (ECF No. 1 at 6, 8.)

II.  DISCUSSION

A federal district court must review a habeas corpus petition, and dismiss the petition if it plainly appears that the petitioner is not entitled to relief. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. This is petitioner's second federal habeas petition challenging his April 1987 judgment of conviction.

28 U.S.C. § 2244(b)(2) provides:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

In 1999, the Third Circuit Court of Appeals held that a petitioner "must seek permission of a Court of Appeals prior to proceeding on a second petition, even if their first petition was filed before the [Antiterrorism and Effective Death Penalty Act of 1996] was adopted." In re Minarek, 166 F.3d 591, 600 (3d Cir. 1999); Goldblum v. Klem, 510 F.3d 204, 217-18 (3d Cir. 2007).

The District Court lacks jurisdiction over a second or successive 2254 habeas petition unless certified by the appropriate Court of Appeals. Burton v. Stewart, 549 U.S. 147, 157 (2007). A District Court shall, however, "if it is in the interest of justice, transfer such action to any other such court in which the action  . . . could have been brought at the time it was filed." 28 U.S.C. § 1631; Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) cert. denied 540 U.S. 826 (2003) ("[when a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631").

Petitioner's first habeas petition was filed before AEDPA was adopted in 1996, but the second or successive provision of 28 U.S.C. § 2244(b) applies. This Court lacks jurisdiction over the petition, but may, in the interest of justice, transfer it

to the Third Circuit Court of Appeals. This Court does not find
it in the interest of justice to transfer the petition because
it is clearly time barred by the one-year statute of
limitations, pursuant to 28 U.S.C. § 2244(d). This decision in
no way precludes Petitioner from himself seeking permission from
the Third Circuit to bring the habeas petition pursuant to §
2244(b), if he chooses.

III. CERTIFICATE OF APPEALABIILITY

An appeal may not be taken from a final order in a
proceeding under 28 U.S.C. § 2254 unless a circuit justice or
judge issues a certificate of appealability. 28 U.S.C. §
2253(c). A certificate of appealability may issue "only if the
applicant has made a substantial showing of the denial of a
constitutional right." Id. § 2253(c)(2). "A petitioner satisfies
this standard by demonstrating that jurists of reason could
disagree with the district court's resolution of his
constitutional claims or that jurists could conclude the issues
presented are adequate to deserve encouragement to proceed
further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). No
certificate of appealability will be issued because petitioner
has not met this standard.

IV.   CONCLUSION

     For the reasons described above, in the accompanying Order filed herewith, the Court will dismiss the habeas petition for lack of jurisdiction.


                              s/Renée Marie Bumb
                              **Renée Marie Bumb**
                              **United States District Judge**

Dated: November 30, 2015

6